IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUTHERLAND-GARNIER FUNERAL HOME, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:23-CV-1501-MAB |
| vs. | )<br>) |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This case arises out of an insurance coverage dispute between Plaintiff Sutherland-Garnier Funeral Homes, Inc. ("Sutherland") and its insurance company State Auto Property & Casualty Insurance Company ("State Auto"). Currently before the Court is State Auto's partial motion to dismiss, seeking to dismiss Count II, which alleges vexatious and unreasonable delay under § 155 of the Illinois Insurance Code, 215 ILL. COMP. STAT. 5/155 (Doc. 16). For the reasons explained below, the motion is denied.

### BACKGROUND

Sutherland owns and operates several funeral homes in Southern Illinois. Sutherland alleges that on September 14, 2021, its building at 310 N. Broadway in Salem, Illinois suffered significant wind and hail damage in excess of $200,000.00 (Doc. 1-1). At the time, Sutherland's various properties and structures, including the building in Salem, were covered by a businessowner's insurance policy with State Auto (*Id.*). Sutherland

submitted an insurance claim to State Auto (*Id.*). State Auto partially denied the claim and paid out only $21,624.84 for the wind and/or hail damage (*Id.*).

On March 31, 2023, Sutherland filed a two-count complaint in the Fourth Judicial Circuit of Marion County, Illinois against State Auto, asserting that State Auto's failure to fully indemnify Sutherland for the wind and/or hail damage sustained to its property constituted not only a breach of contract but also unreasonable and vexatious conduct in violation of §155 of the Illinois Insurance Code (Doc. 1-1). State Auto removed the case to federal court based on diversity jurisdiction (Doc. 1). Shortly thereafter, State Auto filed a motion to dismiss pursuant to Rule 12(b)(6), seeking to dismiss Count II for a number of reasons. Plaintiff filed a response in opposition to the motion to dismiss (Doc. 27), to which State Auto filed a reply (Doc. 28).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, a complaint must contain sufficient factual matter to plausibly suggest that the plaintiff has a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *Iqbal*, 556 U.S. at 678. *See also Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) ("[L]egal conclusions and conclusory allegations . . . are not entitled

to this presumption of truth.") (citation omitted). In deciding whether the complaint sufficiently states a claim, courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *E.g., Dix*, 978 F.3d at 512–13. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

## DISCUSSION

Section 155 of the Illinois Insurance Code allows courts to award attorney fees, costs, and a penalty amount to an insured when an insurer's action is deemed "vexatious and unreasonable." 215 ILL. COMP. STAT. § 5/155(1).[1] This provision is designed to provide an extracontractual remedy to "insureds who encounter unnecessary difficulties resulting from an insurance company's unreasonable and vexatious refusal to honor its contract with the insured." *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002) (citation omitted). It "protect[s] insured parties who are forced to expend attorneys' fees where the insurer refuses to pay *under the terms of the policy*.'" *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 596 (7th Cir. 2017) (citation omitted) (emphasis in original).

Statutory sanctions under § 155 are precluded, however, when "(1) there is a bona

---

[1] The statute states: "In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of [three designated] amounts." 215 ILL. COMP. STAT. § 5/155(1).

fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *TKK USA, Inc. v. Safety Nat. Cas. Corp.*, 727 F.3d 782, 793 (7th Cir. 2013) (citations omitted). "Whether an insurer acted unreasonably or vexatiously presents an issue of fact" that requires "courts to consider the totality of circumstances." *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007) (citations omitted).

State Auto first argues that Plaintiff failed to plead any factual allegations to support its claim that State Auto's conduct was vexatious or unreasonable (Doc. 16, pp. 3–4). State Auto contends that the complaint contains nothing more than "conclusory allegations" and "boilerplate language" that State's Auto's refusal to pay has been vexatious and unreasonable (Doc. 16, p. 4; Doc. 28, p. 1).

A claim that pleads only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of a claim under § 155 is therefore appropriate "when a plaintiff . . . fails to state a sufficient factual basis for sanctions . . . ." *Fed. Ins. Co. v. Healthcare Info. & Mgmt. Sys. Soc'y, Inc.*, 567 F. Supp. 3d 893, 901 (N.D. Ill. 2021) (citation omitted). *See also Call One Inc. v. Berkley Ins. Co.*, 587 F. Supp. 3d 706, 720 (N.D. Ill. 2022) ("Simply pleading that the insurer knowingly and intentionally refused to provide insurance coverage and that the insurer's refusal was and continues to be vexatious and unreasonable, without some modicum of factual support, is insufficient to plausibly suggest that the insured is entitled to relief under the statute.") (quoting *Wheeler*

*v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 841 (N.D. Ill. 2015)).

In its response brief, Plaintiff pointed out that there were twelve factual allegations of vexatious and unreasonable conduct set forth in paragraph 11 of the complaint (Doc. 27, p. 4). In particular, Plaintiff alleged that State Auto "delayed, obfuscated, and engaged in bad faith claims handling practices" in a number of ways, including but not limited to, failing to adequately communicate with Plaintiff, failing to determine the full scope of the claim, failing to properly or adequately investigate the claim, failing to provide a competent, qualified, and/or diligent adjuster to inspect the damage, making policy determinations based upon speculation and conjecture as to the condition of the roof, and attempting to settle the claim for less than its worth (Doc. 1-1, ¶11).

State Auto then filed a reply brief, but the reply did not address Plaintiff's argument or the allegations contained within paragraph 11 of the complaint (*see* Doc. 28). Rather, State Auto continued to insist that the complaint "merely conclude[s] . . . State Auto's actions were vexations and unreasonable, without any underlying actual, factual support" (*Id.* at p. 1).

The Court is not persuaded by State Auto's argument. Plaintiff has advanced sufficient factual allegations in the complaint to support a claim for vexatious and unreasonable delay. Plaintiff did more than allege that State Auto breached the insurance contract and that the breach was unreasonable and vexatious—Plaintiff pleaded facts (albeit in a general fashion) regarding State Auto's actions that it deemed vexatious. This is sufficient to state a claim under § 155. *See Call One*, 587 F. Supp. 3d at 721 (denying motion to dismiss § 155 claim where plaintiff did "more than just label [defendant's]

denial of coverage as unreasonable and actually provide[d] examples of acts it deem[ed] vexatious"); *Markel Am. Ins. Co. v. Dolan,* 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) (allegations that insurer misrepresented facts, refused to conduct an adequate investigation, and based its decision upon incomplete information were sufficient to plausibly allege unreasonable and vexatious conduct). *But see Leonard S. v. Health Care Serv. Corp.*, No. 22 CV 6038, 2023 WL 7182988, at *3 (N.D. Ill. Nov. 1, 2023) (plaintiff failed to state a § 155 claim where he "merely append[ed] the statutory element 'unreasonable and vexatious' to his claim that he was wrongfully denied coverage based on inapplicable treatment criteria."); *Meade, Inc. v. Travelers Prop. Cas. Co. of Am.,* No. 20 C 05293, 2023 WL 3058781, at *2 (N.D. Ill. Apr. 23, 2023) (dismissing § 155 claim where plaintiff's allegations merely consisted of adding "vexatiously and unreasonably" to the beginning of "what otherwise are the exact same breaches alleged in Count I's breach of contract claim").

State Auto's second argument is that Plaintiff's § 155 claim should be dismissed because the complaint establishes the existence of a bona fide coverage dispute and that there are genuine legal and factual issues regarding the policy exclusions of wear and tear and neglect and the amount of loss (Doc. 16, pp. 4, 5). State Auto's argument is predicated on the allegations that it estimated the covered loss at $21,624.84, while Plaintiff estimated the covered loss exceeded $200,000.00.

Dismissal of a bad faith claim under § 155 is appropriate "when a bona fide dispute regarding coverage is apparent from the face of the complaint." *Fed. Ins. Co. v. Healthcare Info. & Mgmt. Sys. Soc'y, Inc.*, 567 F. Supp. 3d 893, 901 (N.D. Ill. 2021) (citation omitted). But that is not the case here. As Plaintiff stated, the allegations establish that there is a

coverage dispute, but not that it is a bona fide dispute (Doc. 27, p. 4), meaning one that is "[r]eal, genuine, and not feigned." *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007) (quoting *McGee v. State Farm Fire & Cas. Co.*, 315 Ill.App.3d 673, 683 (2nd Dist. 2000)). In fact, the allegations in the complaint (which the Court accepts as true here) suggest the dispute is *not* bona fide, and State Auto's position as to the amount of the loss is feigned because State Auto refused to conduct an adequate investigation and based its decision upon incomplete information, amongst other things.

Moreover, State Auto's argument is also premature. The questions of whether a bona fide dispute exists or whether the claim presents a genuine legal or factual issue regarding coverage are fact-specific inquiries. In this instance, no facts have been developed. This case is still in the pleadings stage and at the time the instant motion was filed, no discovery had been conducted. The Court does not have the evidence necessary to consider the totality of the circumstances and cannot decide at this stage whether the dispute is bona fide or not. *Med. Protective*, 507 F.3d at 1086 ("Whether an insurer acted unreasonably or vexatiously presents an issue of fact . . . requiring courts to consider the totality of circumstances.") (internal citations omitted). *See also Souza v. Erie Ins. Co.*, No. 22-CV-3744, 2023 WL 4762712, at *8 (N.D. Ill. July 25, 2023) ("[C]ourts routinely decline to dismiss claims based on the existence of a bona fide dispute at the motion to dismiss stage, before the court has the benefit of all the evidence."); *Bao v. MemberSelect Ins. Co.*, No. 21 C 04119, 2022 WL 1211509, at *5 (N.D. Ill. Apr. 25, 2022) ("Resolution of [the existence of a bona fide dispute] presents a factual question that may be more amenable to resolution on summary judgment than at the pleadings stage."); *Call One*, 587 F. Supp.

3d at 721 (explaining it is "premature for the Court to decide the merits" of whether the insurer acted vexatiously "before discovery into [the insurer's] entire course of conduct has occurred"); *Strategic Cap. Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, 2014 WL 562970, at *5–6 (C.D. Ill. 2014) (holding that it was "too early" to decide whether insurer's position was based on a bona fide dispute and the issue "cannot be resolved on a motion to dismiss"); *W. Wind Express v. Occidental Fire & Cas. Co. of N.C.*, 2013 WL 2285799, at *4 (N.D. Ill. 2013) (holding that "the Court may not decide the [bona fide dispute] issue on the pleadings alone").

Accordingly, State Auto's partial motion to dismiss Count II (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 18, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**